IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02604-BNB

STANLEY JOSEPH SIMEON,

    Plaintiff,

v.

LELAND SMITH,
RICHARD V. VEACH, and
KELLY SUPIONO

    Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW IN PART

    Plaintiff, Stanley Joseph Simeon, was in the custody of the Colorado Department of Corrections (DOC) and incarcerated at the prison facility in Hudson, Colorado, at the time he filed this action.  He now is released and resides in Anchorage, Alaska.  Mr. Simeon, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and Colo. Rev. Stat. §§ 13-1-124 and 13-1-131 (jurisdiction and speedy trial provisions).  He further claims violations of OSHA and labor laws and seeks money damages.

    First, OSHA does not contain statutory provisions permitting a private cause of action for personal injury.  *See Westine v. Gonzales Const. Co.*, 103 F.3d 145, *1 (10th Cir. 1996) (unpublished) (citing *Ellis v. Chase Communications, Inc.*, 63 F.3d 473, 477 (6th Cir.1995) (OSHA); *cf. Frohlick Crane Serv., Inc. v. Occupational Safety & Health Review Comm'n,* 521 F.2d 628, 631 (10th Cir.1975)).  Second, the identified Colorado statutes do not pertain to cases filed in federal court.  Finally, the general reference to "labor Law" as a basis for a cause of action is inadequate to state proper jurisdiction.

Mr. Simeon's claims are based on an alleged misuse of a meat slicer in the prison kitchen that resulted in Mr. Simeon losing a portion of his thumb. He asserts that Defendant Veach failed to inspect the kitchen and the training records in keeping with his responsibility to be sure Plaintiff was safe and that Defendant Smith directed him to use the slicer knowing that he did not have proper training and he was using the slicer for an unauthorized function. Mr. Simeon also contends that Defendant Supiono, an employee of the New Hampshire Insurance Company, failed to assure Mr. Simeon was properly trained and that the equipment was safe to use.

The case will be drawn to a district judge and a magistrate judge with respect to the claims asserted against Defendants Leland Smith and Richard V. Veach. For the following reasons, Defendant Kelly Supiono will be dismissed from the action as an inappropriate party to this action.

"[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Private conduct constitutes state action, however, if it is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (2010); *see also Scott v. Hern,* 216 F.3d 897, 906 (10th Cir. 2000). This requirement is satisfied if two conditions are met: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible" and (2) the private party charged with the deprivation "must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar,* 457 U.S. at 937.

Nothing Mr. Simeon asserts regarding Defendant Supiono indicates that she acted under color of state law.  There is no basis for finding that Defendant Supiono, an employee of a private insurance carrier, is responsible for training and insuring the safety of the kitchen equipment in question and by her actions, or the lack thereof, could be said to be a state actor.  Accordingly, it is

ORDERED that the Complaint filed pursuant to 42 U.S.C. § 1983 and asserted against Defendants Leland Smith and Richard V. Veach shall be drawn to a district judge and to a magistrate judge.  It is

FURTHER ORDERED that Defendant Kelly Supiono is dismissed from the action.

DATED at Denver, Colorado, this   15th   day of January  , 2013.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court